[No. 35851-1-I.   Division One.   May 20, 1996.]

*In the Matter of the Marriage of* BURCH.

RHONDA MARIE BURCH, *Appellant,* v. ROBERT RAYMOND BURCH, JR., *Respondent.*

---

*Richard C. Carrithers* and *Carrithers & Sifferman*, for appellant.

*Roderick S. Simmons* and *Simmons, Viall & Lee*, for respondent.

BAKER, C.J. — Rhonda Burch appeals an income–based adjustment to child support reducing the monthly obligation of her former spouse, Robert Burch. She argues that (1) the trial court impermissibly modified the original decree of dissolution when it considered Robert's child from another relationship in computing the standard obligation under the statutory schedule, and (2) a health care credit was insufficiently proved. Robert cross appeals, asserting that the court erred by (1) failing to consider a second child from the other relationship in its computations, and (2) refusing to impute income to Rhonda. We reverse, holding that the court erred when it considered Robert's new children in calculating his basic debt. We also hold that the trial court properly refused to impute income and that Rhonda failed to properly object to the health care credit.

## FACTS

When the parties' marriage was dissolved in 1992, they had two minor children. The decree set Robert's monthly support obligation at $884 using a two child family standard, and required adjustment every two years "based upon the parties' then–current incomes." Two years later Robert moved to adjust the amount of support under this provision. Robert's motion requested an adjustment based not only on a change in income but also on his obligation to support two children from another relationship. Infor-

mation included in the motion suggested that the new children were born before entry of the original decree. The court decided to use a three child standard under the support schedule, including Robert's son from the new relationship, but excluding a stepdaughter whom he considered his own and planned to adopt. Based on those factors and a monthly credit for child health care payments mentioned in Robert's support worksheets, the adjustment order decreased Robert's payments to $714.

## I

Rhonda argues that the trial court exceeded the scope of its discretion when it considered children from another relationship when calculating Robert's basic support debt.[1] The Legislature has clearly provided that "[c]hildren from other relationships shall not be counted . . . for purposes of determining the basic support obligation and the standard calculation."[2] Instead, the proper method for recognizing the obligor's duty to other children is a discretionary deviation from the standard calculation.[3]

Despite the clear intent of the Legislature, Robert argues that the court could properly consider the effect of the other children before determining his basic support obligation under RCW 26.09.170(9). This subsection of the child support modification statute allows periodic adjustment without proof of a substantial change in circumstances when "based upon changes in the economic table or standards in [the child support schedule]."[4]

When construing a statute, we must ascertain and

---

[1] We reject Robert's contention that Rhonda did not properly preserve this issue by objection to the form of proceedings below. Rhonda does not object to the form of the motion but rather to the scope of relief granted by the trial court. Her worksheet entries were based on a two child family, without consideration of children from another relationship.

[2] RCW 26.19.075(e)(ii).

[3] RCW 26.19.075(e).

[4] RCW 26.09.170(9).

give effect to the intent of the Legislature. In furtherance of that duty, we look first to the language of the statute, and may then examine legislative history including any bill reports.[5] The statute does not manifest a legislative intent to permit adjustment whenever events in the lives of the parties would change the debt amount calculated under the schedule. Such a construction would render remaining statutory provisions contradictory and superfluous. Furthermore, the Final Bill Report reveals that the Legislature meant for RCW 26.09.170(9) to allow adjustment based on changes in the statute itself, so that support orders may maintain compliance with current law.[6]

In the alternative, Robert argues that the court properly considered his obligation to another child as a basis for deviation from the standard calculation. We reject this characterization of the court's order. The order clearly states that "[c]hild support will be calculated on the basis of three children" and was therefore not a deviation.

We reverse the order and remand for recalculation using the statutorily prescribed methods. If the court determines that a deviation based on the existence of other children is appropriate, both parties concede, and we agree, that the court could not logically distinguish between Robert's obligation to his son and to his stepdaughter. Therefore, if the trial court deviates from the standard support level based on the factor of children from another relationship, it must consider both children from that relationship.

We note, however, that deviation from the standard support obligation remains the exception to the rule and should be used only where it would be inequitable not to do so.[7] Rhonda argues that the trial court erred in modifying the decree based on Robert's new children because, *inter alia*, the children were born before entry of the orig-

---

[5]*State v. Reding*, 119 Wn.2d 685, 690, 835 P.2d 1019 (1992).

[6]*See* Final Bill Report ESSB 5996.

[7]*In re Marriage of Oakes*, 71 Wn. App. 646, 652 n.4, 861 P.2d 1065 (1993).

inal decree and were therefore a potential obligation known to the parties at that time. It is well settled that "support orders may be modified only upon an *uncontemplated* change of circumstances occurring since the former decree."[8] In our view, a deviation should likewise be based upon circumstances not existing or contemplated at the time of the prior order.

Because we reverse, we need not address Rhonda's argument that the family court commissioner lacked jurisdiction to order a modification based on a substantial change in circumstances.

## II

■ Rhonda argues that the trial court abused its discretion by granting a health care credit to Robert which was not supported by sufficient evidence. While Rhonda's argument may have merit, we agree with Robert that the mere omission of the health care credit from her worksheets does not constitute a valid objection. A party's entry of contrary child support worksheets is not enough to notify the trial court of an objection. It is each party's obligation to raise issues that must be addressed by the trial court. The issue is not preserved for review.

## III

■ Robert argues that the trial court erred when it refused to impute income to Rhonda for voluntary unemployment. The original dissolution decree agreed to by Robert established that Rhonda was not voluntarily unemployed. The decree provides for a gradual reduction in Rhonda's maintenance award to reflect her expected increase in earning capacity over time. Robert does not allege any significant change in Rhonda's efforts since the entry of the original decree. Continuing jurisdiction in child support matters is not a license to relitigate settled

[8]*In re Marriage of Zander*, 39 Wn. App. 787, 790, 695 P.2d 1007 (1985).

matters without the requisite showing of changed circum-
stances.[9] The court did not err.

## IV

Rhonda requests an award of attorney fees incurred on
appeal and on remand, and has submitted a timely affida-
vit of financial need. Robert concedes that attorney fees
are available to Rhonda under RCW 26.09.140, but denies
her need and his ability to pay. Because this matter is
remanded for reconsideration, we also remand to the trial
court the issue of the propriety and amount of an award
of fees to Rhonda.

Reversed and remanded.

GROSSE and WEBSTER, JJ., concur.

---

[9]*See In re Marriage of Trichak*, 72 Wn. App. 21, 24, 863 P.2d 585 (1993).