**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

In the Matter of the Marriage of

COLE KOZLOFF,

              Appellant,

and

ELIZABETH M. KOZLOFF,

              Respondent.

No. 87352-1-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — Cole Kozloff appeals a final child support order stemming from the dissolution of his marriage with Elizabeth Kozloff. Cole[1] argues that the trial court abused its discretion when it declined to award a downward deviation for a residential credit. We disagree and affirm.

I

Elizabeth and Cole married in 2016 and had two children. In 2023, Elizabeth filed for dissolution. The parties entered an agreement on property division, and the case proceeded to trial to determine the parenting plan and the child support order.

Cole requested a downward deviation from the standard child support calculation arguing that because he proposed a 50/50 residential schedule, a deviation for residential credit would be appropriate under RCW 26.19.075.

_____

[1] We refer to the parties by their first names to avoid confusion. We intend no disrespect.

The court denied Cole's request for a deviation. Cole moved for reconsideration arguing that the trial court erred in finding that he did not spend significant time with the children because he had 43 percent of residential time.

The trial court issued an amended order with additional findings. The court first noted that some of the expenses in Cole's financial declaration seemed to be inflated. For example, Cole's expenses for childcare, tuition, and school lessons were more than double what Elizabeth put for the expenses. As the court explained, assuming the expenses are split evenly due to their similar incomes, the expenses are disproportionate. The court also found that Cole's financial declaration did not provide sufficient information for the court to determine what increased expenses existed with the ordered residential time. And the court found there was insufficient testimony about whether the requested deviation would result in Elizabeth being unable to meet the basic needs of the children. Accordingly, the court denied to award a downward deviation.

Cole appeals.

II

Cole argues that the trial court erred when it declined to award a downward deviation based on residential time. We disagree.

A

The child support statute is intended to ensure that "child support orders are adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living." RCW 26.19.001. When determining child support, the trial court begins by setting the basic

child support obligation based on the statute's economic table. RCW 26.19.011(1), .020.

Under RCW 26.19.075(1)(d), the trial court may deviate from the standard calculation if the children spend a significant amount of time with the parent who is obligated to make a support transfer payment. If the court considers a deviation based on residential schedule, it must follow a specific statutory analysis:

> The court may deviate from the standard calculation if the child spends a significant amount of time with the parent who is obligated to make a support transfer payment. The court may not deviate on that basis if the deviation will result in insufficient funds in the household receiving the support to meet the basic needs of the child or if the child is receiving temporary assistance for needy families. When determining the amount of the deviation, the court shall consider evidence concerning the increased expenses to a parent making support transfer payments resulting from the significant amount of time spent with that parent and shall consider the decreased expenses, if any, to the party receiving the support resulting from the significant amount of time the child spends with the parent making the support transfer payment.

RCW 26.19.075(1)(d). Further, deviation "remains the exception to the rule and should be used only where it would be inequitable not to do so." In re Marriage of Burch, 81 Wn. App. 756, 760, 916 P.2d 443 (1996).

We review a trial court's ruling on deviation for abuse of discretion, and review whether substantial evidence supports the trial court's findings. In re Marriage of Condie, 15 Wn. App. 2d 449, 472-73, 475 P.3d 993 (2020). In determining whether substantial evidence exists, we view the record in the light most favorable to the party in whose favor the findings were entered. In re Marriage of Gillespie, 89 Wn. App. 390, 404, 948 P.2d 1338 (1997). We will not substitute our judgment for the trial court's judgment if the record shows the court considered all relevant factors, and the award is

not unreasonable under the circumstances.  In re Parentage of O.A.J., 190 Wn. App. 826, 831, 363 P.3d 1 (2015).

B

Cole first argues that the trial court abused its discretion by finding that 43 percent of residential time with the children is insufficient to qualify for a residential deviation in the child support order.  We disagree.  RCW 26.19.075(1)(d) does not mandate a deviation for residential time.  Rather, the statute provides that the court may deviate if the child spends a significant amount of time with the parent who is ordered to pay support.  But the court may not deviate if it would leave insufficient funds for the receiving household to meet the basic needs of the child.  The statute also requires the court to consider the increased expenses.  Therefore, Cole's argument that 43 percent of residential time was significant is not persuasive under the statute.  The statute does not mandate a credit for significant residential time, but it instead allows the court to conduct an analysis to determine whether a deviation is appropriate under the circumstances.

Cole next argues that the trial court erred when it found that there was insufficient testimony about whether the requested deviation would result in Elizabeth being unable to meet the basic needs of the children and whether Cole would incur additional expenses for the added residential time.  We disagree.  There was very little testimony surrounding the child support order.  Cole submitted a financial affidavit, which the trial court found contained multiple inflated expenses.  Cole urges this court to review the parties' work schedules, use of childcare, and other expenses, but appellate courts do not reweigh the evidence.  City of Sunnyside v. Gonzalez, 188 Wn.2d 600, 612, 398

P.3d 1078 (2017). The record illustrates that the trial court considered the testimony, reconsidered its decision on deviation, and still concluded that a deviation was not appropriate under the circumstances. As discussed, the statute states that a trial court may grant a credit for residential time, but it does not require it to do so. Cole fails to show that the trial court's denial of a deviation was manifestly unreasonable or on untenable grounds.

We affirm.[2]

_Mann, J._

WE CONCUR:

_Coburn, J._                    _Smith, J._

---

[2] Both parties request fees on appeal. RCW 26.09.140 gives this court authority to award attorney fees based on consideration of the parties' financial resources. We exercise our discretion and decline to award fees to either party.