[No. 41011-3-I.   Division One.   April 13, 1998.]
*In the Matter of the Marriage of* MARIANNE LESLIE, *Appellant*, and STEPHEN JOHN VERHEY, *Respondent*.

---

[24]*Id.* at 283.

[25]*Id.* at 282.

[26]*Id.* at 283.

798

*Catherine Wright Smith* of *Edwards, Sieh, Smith & Goodfriend, P.S.*, for appellant.

*W. Mitchell Cogdill* of *Cogdill Carter*, for respondent.

WEBSTER, J. — Stephen Verhey petitioned to modify his

child support obligation, claiming a substantial change in circumstances. The trial court modified the award downward. Marianne Leslie, (n/k/a Marianne Leslie Leonard) appeals. She contends the trial court improperly interpreted the child support schedule statute RCW 26.19 by shifting a burden to her to demonstrate grounds for "deviating" from the standard support schedule. She also asserts that the trial court erred in awarding Mr. Verhey costs and attorney fees under Mandatory Arbitration Rule (MAR) 7.3. She argues RCW 26.09.140 applies to fee awards in child support modification proceedings.

We vacate the court's order and remand to reconsider whether modification is warranted in light of the totality of the financial circumstances and what additional support should be awarded commensurate with these circumstances. We also vacate the costs and attorney fees award. Mandatory Arbitration Rule 7.3 conflicts with RCW 26.09.140 because MAR 7.3 mandates cost and fee awards, while RCW 26.09.140 gives the court discretion to determine whether such awards are appropriate. In light of this conflict, we remand for the trial court's reconsideration whether to award costs and attorney fees under RCW 26.09.140. We award costs and attorney fees on appeal to Ms. Leslie Leonard.

## FACTS

Marianne Leslie (n/k/a Marianne Leslie Leonard) and Stephen Verhey petitioned for legal separation in February 1986 when their daughter Leslie was 17 months old. In July 1986, the court ordered temporary child support payments of $368. Ms. Leslie Leonard and Mr. Verhey entered a property settlement agreement in November 1986 under which Mr. Verhey agreed to pay $650 each month in child support. At this time, Mr. Verhey's annual income was $56,000, and the child support worksheets reflected Mr. Verhey's base gross monthly salary at $5,600. The court entered a legal separation decree November 12, 1986, and

the dissolution decree was issued in February 1989. The dissolution decree provided that child support issues be resolved by mediation or by trial, if settlement did not resolve all issues.

After trial in March 1990, Mr. Verhey's child support obligation was increased to $2,250. In making this award, the trial court considered the totality of the financial circumstances and what additional support was warranted given that the combined net monthly income of the parties greatly exceeded the economic table. At this time, Mr. Verhey's net monthly income, after taxes, was $28,224. And the child support worksheets reflected his monthly expenses at $5,223. Ms. Leslie Leonard, who was unmarried at the time, had a monthly net income of $1,100 with monthly expenses at $3,118. The trial court's increased child support award made Ms. Leslie Leonard whole regarding her monthly expenses, plus an additional $250 each month to raise Leslie's standard of living. Mr. Verhey appealed the award to this court, which affirmed. In re Marriage of Verhey, No. 26389-7-I, slip op. at 11 (Wn. Ct. App. Sept. 23, 1991).

In March 1995, Mr. Verhey petitioned to modify the 1990 child support order. As required by Snohomish County Local Mandatory Arbitration Rule (SCLMAR) 1.2, the matter was set for arbitration. The arbitrator reduced Mr. Verhey's monthly child support obligation to $1200, but required that Mr. Verhey continue to pay Leslie's health, dental, and daycare expenses, and that he annually contribute $3,000 to a trust account in Leslie's name. The arbitrator also required Mr. Verhey to pay $3,000 of Ms. Leslie Leonard's attorney's fees.

Pursuant to MAR 7.1, Ms. Leslie Leonard sought a trial de novo in Snohomish County Superior Court. The trial court calculated Mr. Verhey's net monthly income at $29,038.12, and his monthly expenses, including all child support and maintenance, at $14,809. Ms. Leslie Leonard's net monthly income was calculated at $2,038.66, and considering her husband's income, the family's net monthly

income was $7,011, with monthly expenses of $6,157.17. The child support worksheets reflected that Mr. Verhey had household assets totaling $4,159,938, including: $2,344,000 in real estate, $588,000 in stocks and bonds, $18,000 in boats, $536,000 in pensions/IRAs/bank accounts, and $98,373 in cash. By comparison, Ms. Leslie Leonard's household assets, including the value of a house she owned, totaled $230,000. The court listed $113,316 in stocks and bonds, $77,000 in pensions/IRAs/bank accounts, and $4,977 in monthly income from Mr. Leonard. Although the court did discuss other assets owned by Mr. Leonard totaling $319,511, it did not include these in the worksheets.

On June 11, 1997, the trial court found Mr. Verhey established a "material change of circumstances" warranting the child support obligation be retroactively reduced to $1400 monthly, including day care and lesson expenses. Particularly pertinent on appeal, are the following conclusions of law:

2. Any support set, which is based upon combined monthly net income of the parties exceeding $7,000, would be a substantial deviation in the child support schedule.

3. . . . Since the combined monthly net income here exceeds $5,000, and also exceeds $7,000, the presumptive support is $912, and the advisory monthly basic support obligation is $1,218.

4. Since petitioner, Marianne Leslie Leonard is seeking continuation of the existing child support amount, which is a deviated amount, her new spouse's income and assets may be considered in determining the appropriate amount of support pursuant to deviation standard [RCW 26.19.075]1(a)(i). Likewise, pursuant to deviation standard [RCW 26.19.075]1(e) the Court may deviate from the standard calculation when either or both of the parents have children from other relationships.

5. No substantial deviation above the advisory basic support obligation incident to combined monthly net income in excess of $7,000 is justified here considering the assets of both parties, the income of both parties, the current financial situation

and marital status of both parties, the income and assets of petitioner Marianne Leslie Leonard's new spouse Thomas Leonard, and the needs of the parties' child, Leslie.

CP 15-16. And in its oral decision, the court said:

> The Court finds that any support over the $7,000 a month amount would be outside the schedule and would constitute a deviation. Mr. Leonard's income and assets must be considered. In considering that income and assets as well as Ms. Leslie's increased earning capacity, no substantial deviation in child support above the $7,000 monthly income figure provided for in the schedule is justified in this case.

CP 72.

Because Mr. Verhey requested costs and attorney fees under MAR and SCLMAR 7.3, the court reviewed the arbitrator's award to determine whether Ms. Leslie Leonard improved her position at trial, as required by the rule. The trial court concluded that because the arbitrator's award totaled $1,450 monthly plus daycare expenses and was not retroactively applied, Ms. Leslie failed to improve her position. The court thus awarded Mr. Verhey $3,071.35 in costs and $24,400.07 in attorney fees. Ms. Leslie Leonard timely appealed.

## DISCUSSION

### Child Support Modification

■ ■ In child support modification proceedings, the moving party bears the burden of showing a substantial change in circumstances since the entry of the dissolution decree. *See* RCW 26.09.170; *Lambert v. Lambert*, 66 Wn.2d 503, 508, 403 P.2d 664 (1965) (citing *Corson v. Corson*, 46 Wn.2d 611, 283 P.2d 673 (1955)). A trial court's decision whether there has been a substantial change in circumstances must not be reversed by the reviewing court absent a manifest abuse of discretion. *See Holaday v. Merceri*, 49 Wn. App. 321, 331, 742 P.2d 127 (1987) (citing *Lambert*, 66 Wn.2d at 508). Under this standard, the reviewing court

cannot substitute its judgment for that of the trial court unless the trial court's decision rests on unreasonable or untenable grounds. See *In re Marriage of Griffin*, 114 Wn.2d 772, 779, 791 P.2d 519 (1990); *Pollock v. Pollock*, 7 Wn. App. 394, 399, 499 P.2d 231 (1972).

In enacting the child support schedule statute, the legislature intended to insure that child support orders were adequate to meet a child's basic needs, but also intended "to provide additional support commensurate with the parents' income, resources, and standard of living." RCW 26.19.001. Consequently, when ordering child support, the trial court determines the "standard calculation" child support level from the economic table, RCW 26.19.020. *See In re Marriage of Maples*, 78 Wn. App. 696, 700, 899 P.2d 1 (1995). But this table provides standard calculation figures only up to the parties' combined monthly income of $7,000:

> The economic table is advisory but not presumptive for combined monthly net incomes that exceed five thousand dollars. When combined monthly net income exceeds seven thousand dollars, the court may set support at an advisory amount of support set for combined monthly net incomes between five thousand and seven thousand dollars or the court may exceed the advisory amount of support set for combined monthly net incomes of seven thousand dollars upon written findings of fact.

RCW 26.19.020; *see also* RCW 26.19.065(3). The act fails to define "advisory amount."

Ms. Leslie Leonard contends the trial court improperly interpreted the child support schedule statute and effectively shifted the burden from Mr. Verhey to her to demonstrate grounds for "deviating" from the schedule. Particularly, applying the economic table and the statute's deviation standards, RCW 26.19.075(1)(a)(i) and (1)(e), the trial court declined to find a "substantial deviation above the advisory basic support obligation . . . justified."

■ Interpreting the child support statute, our primary

objective is to carry out the legislature's intent. *See State v. Esters*, 84 Wn. App. 180, 184-85, 927 P.2d 1140 (1996), *review denied*, 131 Wn.2d 1024, 937 P.2d 1101 (1997) (citing *State v. Rivas*, 126 Wn.2d 443, 896 P.2d 57 (1995)). Although we disagree with Ms. Leslie Leonard's contention that the trial court improperly shifted a burden upon her, we do find that in couching its order in terms of "deviation," the trial court inappropriately narrowed the scope of its inquiry and contravened legislative intent.

■ Thus, we hold that, once faced with determining a child support obligation for parents whose combined net monthly income exceeds the statutory economic table, a trial court is not limited to the maximum amount of support provided by the schedule. It is permitted to "exceed" this amount upon written findings of fact. *See* RCW 26.19.020. And consistent with legislative intent, the trial court must consider what additional amounts should be paid "commensurate with the parents' income, resources, and standard of living," in light of the totality of the financial circumstances. *See* RCW 26.19.001. Because the trial court's findings and conclusions do not evince such a comprehensive examination, it must be vacated and remanded. We prospectively reinstate the earlier support award of $2,250, until and unless the trial court determines, in light of our holding, the award should be modified for substantial change in circumstances.[1]

MAR 7.3 Attorney Fees Award

The next issue Ms. Leslie Leonard raises is whether the trial court erred in awarding costs and attorney fees to Mr. Verhey. Because the parties first arbitrated this child support modification, Ms. Leslie Leonard requested a trial de novo under MAR 7.1. Consequently, Mr. Verhey sought attorneys fees at the trial court level under MAR 7.3:

The court shall assess costs and reasonable attorney fees

---

[1]Because we find the trial court's child support order fails on these grounds, we do not decide whether a substantial change in circumstances warranted modification. Consequently, we do not reach the parties' related arguments.

against a party who appeals the [arbitration] ·award and fails to improve the party's position on the trial de novo . . . . Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule.

MAR 7.3.

This provision governs the range of civil actions subject to mandatory arbitration under RCW 7.06.020, which permits superior court judges in a county to subject child support modification proceedings to mandatory arbitration by majority vote. *See* RCW 7.06.020(2). Given this statutory authority, the Snohomish County Superior Court adopted such a rule. *See* SCLMAR 7.1, 7.3.

■■ But RCW 26.09.140 also governs cost and attorney fee awards in domestic relations proceedings, such as child support modifications:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.

RCW 26.09.140 (in part). In considering the financial resources of both parties, the court balances the needs of the requesting party against the other party's ability to pay. *See State ex rel. Stout v. Stout*, 89 Wn. App. 118, 126, 948 P.2d 851, 855 (1997); *In re Marriage of Nelson*, 62 Wn. App. 515, 521, 814 P.2d 1208 (1991) (quoting *In re Marriage of Coons*, 53 Wn. App. 721, 722, 770 P.2d 653 (1989)). An award under this provision is discretionary, *see Nelson*, 62 Wn. App. at 521, and neither spouse is entitled to attorney fees as a matter of right. *See In re Marriage of Sheffer*, 60 Wn. App. 51, 58, 802 P.2d 817 (1990) (citing *Valley v. Selfridge*, 30 Wn. App. 908, 639 P.2d 225 (1982)).

■ Although it is preferable to harmonize an apparent conflict between a court rule and a statute, when such a conflict is irreconcilable, the nature of the right at issue determines whether the statute or court rule controls. *See State v. W.W.*, 76 Wn. App. 754, 757, 887 P.2d 914 (1995) (citing *State v. Smith*, 84 Wn.2d 498, 501, 527 P.2d 674 (1974)). The statute prevails if the right is substantive, while the court rule prevails if the right is procedural. *Id.* (citing *Smith*, 84 Wn.2d at 501-02).

■ ■ Mr. Verhey argues there is no conflict between RCW 26.09.140 and MAR 7.3 because MAR 7.3 awards are limited to costs and fees incurred after the trial de novo request. But this ignores a critical distinction between the two creating an irreconcilable conflict. The statute confers *discretionary power* upon the trial court to make an award in child support modification proceedings, while the arbitration rule *mandates* such an award where the parent moving for de novo review fails to improve her position at trial. Further, a judgment against a party to pay costs and attorney fees affects substantive rights. Thus, we find RCW 26.09.140 must prevail over the conflicting attorney fee provision of MAR 7.3. As a matter of statutory construction, the trial court erred in applying MAR 7.3 and awarding attorney fees to Mr. Verhey.[2]

Given the disparity in income between the parties, and because the trial court incorrectly applied a non-discretionary standard in awarding attorney's fees to Mr. Verhey, we vacate the trial court's cost and fee award and

---

[2]Our decision is also furthered by public policy. Mandating costs and attorney fees for all cases where a parent is unable to secure a better result upon de novo review has the potential to work an economic hardship on a custodial parent. This supports granting the court wide latitude in determining the appropriateness of such awards only after considering both parties' financial resources and balancing the requesting parent's need against the other's ability to pay.

remand for reconsideration whether such an award is appropriate under RCW 26.09.140.[3]

## Costs and Attorney Fees on Appeal

██ ██ Both Ms. Leslie Leonard and Mr. Verhey seek costs and attorney fees on appeal. *See* RCW 26.09.140; RAP 18.1; *In re Marriage of Burch*, 81 Wn. App. 756, 762, 916 P.2d 443 (1996); *In re Marriage of Trichak*, 72 Wn. App. 21, 26, 863 P.2d 585 (1993). Determining whether a fee award is appropriate requires the court to consider the parties' relative ability to pay. *See Trichak*, 72 Wn. App. at 26. The court should also examine the arguable merit of the issues raised on appeal. *See State ex rel. Stout*, 89 Wn. App. 118, 127, 948 P.2d 851, 855 (1997) (citing *In re Marriage of Griffin*, 114 Wn.2d 772, 779-80, 791 P.2d 519 (1990)).

Here, Mr. Verhey is in a much better financial position than Ms. Leslie Leonard, and she presents meritorious legal arguments on appeal. Given the disparity in income and assets between the two, and Mr. Verhey's apparent ability to pay, we award reasonable costs and fees for this appeal to Ms. Leslie Leonard, provided she complies with RAP 18.1(d). *See In re Marriage of Sheffer*, 60 Wn. App. 51, 59, 802 P.2d 817 (1990).[4]

Accordingly, the trial court's order modifying child support is vacated and remanded. The earlier child support award is prospectively reinstated. The trial court's award of costs and attorney fees under MAR 7.3 is vacated and remanded for reconsideration under RCW 26.09.140.

GROSSE and COX, JJ., concur.

Review denied at 137 Wn.2d 1003 (1999).

---

[3]Consequently, we need not decide whether the court's fee award was reasonable nor whether Ms. Leslie Leonard in fact improved her position at the trial de novo.

[4]Ms. Leslie Leonard also assigns error to the trial court's denial of her motion for reconsideration. But because she fails to support this assignment of error with either argument or authority, we do not consider it. *See* RAP 10.3(a)(5); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).