**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Parentage and Support of: | No. 58634-7-II |
| DREW FERGUSON, | |
| Appellant, | |
| And | |
| NAKIA L. BRADY, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, C.J. — Drew Ferguson and Nakia Brady have a long-distance parenting plan for care of their 8-year-old son. Under the parenting plan, Ferguson is allowed up to 30 minutes of phone or video contact with the child on each weekday. Ferguson filed a motion for contempt, alleging, inter alia, that Brady was limiting his phone contact with the child on multiple occasions. The trial court reviewed the motion and supporting documents and found reasonable cause to order a show cause hearing. At the hearing, Brady moved for a continuance. Ferguson objected to continuing the hearing. The trial court proceeded with the hearing and denied the motion for contempt, holding that Ferguson's claims were mere allegations that lacked specificity.

Ferguson appeals the trial court's order denying his motion for contempt, arguing that the trial court abused its discretion by (1) failing to make findings of fact about whether Brady violated paragraph 14(a) of the parenting plan, and (2) not following the procedure for a contempt hearing

set forth in RCW 26.09.160 by not requiring Brady to put forth evidence rebutting the contempt allegation.

We affirm the trial court's denial of Ferguson's motion for contempt because the court did not abuse its discretion by holding that Ferguson had not established a prima facie case of contempt at the hearing, and therefore the burden did not shift to Brady to produce contrary evidence. Further, the trial court made a specific finding of fact that the parenting plan had not been violated, which is sufficient to support the denial of contempt.

FACTS

I. BACKGROUND

Drew Ferguson and Nakia Brady have an eight-year-old son. The two were never married, but they ended their relationship in 2016 and Brady moved to Oregon. In 2016, the superior court entered a parenting plan. The parenting plan was amended when Brady moved to California and eventually Arizona.

Under the amended plan, the child resides primarily with Brady, but Ferguson has "the opportunity to exercise visitation up to six consecutive overnights of visitation per month" for the months of August, September, October, January, February, March, April, and May. CP at 74. Additionally, the child spends the majority of the summer with Ferguson in Washington. Relevant to this appeal is paragraph 14(a) of the amended plan, which states that Ferguson "shall be afforded up to thirty (30) minutes between 6pm and 7pm GMT (Mountain Time) each week day to phone/FaceTime/Skype contact the child." Suppl. Clerk's Papers (CP) at 79.

## II. MOTION FOR CONTEMPT

In 2023, Ferguson filed a motion for contempt based on a number of alleged violations of the parenting plan. At issue in this appeal is paragraph 14(a) of the parenting plan, which addressed phone calls between Ferguson and his son. Ferguson claimed that his calls were being "ignored, missed, intentionally made during times of inconvenience when I am at work and are only allowed under [Brady's] discretion." *Id.* at 2. After reviewing Ferguson's motion, the trial court issued an order for a show cause hearing.

At the show cause hearing, Brady's attorney requested a continuance. The trial court indicated that it had reviewed the materials and was ready to proceed with the hearing. Ferguson objected to a continuance, and the trial court proceeded with the hearing.

The trial court heard argument from the parties and denied Ferguson's motion for contempt. In its oral ruling, the court indicated that Ferguson's claims were insufficient to establish contempt:

> Contempt of court means intentional disobedience of any lawful judgment, decree or order. What we have, . . . are allegations by father of, quote, alienation, end quote, of making derogatory statements toward father with the child, [the] mother's narcissistic, that [the] mother is taking the child to unnecessary medical and psychological appointments, that because of all this he's having a hard time arranging flights. Again, *I have yet to see intentional disobedience of any lawful judgment, decree or order. Merely allegations*."

Rep. of Proc. (RP) at 14 (emphasis added). The court entered a final order stating that "[t]he parenting/custody order was obeyed" and denied contempt. CP 29.

Ferguson appeals the denial of his motion for contempt.

## ANALYSIS

### I. LEGAL PRINCIPLES

#### A. STANDARD OF REVIEW

"We review a trial court's decision in a contempt proceeding for abuse of discretion." *In re Marriage of Eklund*, 143 Wn. App. 207, 212, 177 P.3d 189 (2008). A trial court abuses its discretion if its decision is based on untenable grounds or untenable reasons. *Id.* "We review factual findings for substantial evidence and do not review the court's credibility determinations." *In re Marriage of DeVogel*, 22 Wn. App. 2d 39, 53, 509 P.3d 832 (2022).

#### B. MOTION FOR CONTEMPT

When one parent is not complying with an order establishing residential provisions for a child, the other parent may file a motion for contempt to coerce the parent into compliance. RCW 26.09.160(2)(a). If, based on the motion and supporting documents, the court finds that there is reasonable cause to believe the parent has not complied with the order, the court may issue an order to show cause. *Id.*

At the show cause hearing, the moving party has the burden of proving contempt by a preponderance of the evidence. *In re Marriage of James*, 79 Wn. App. 436, 442, 903 P.2d 470 (1995). "This showing must include evidence from which the court can find that the offending party has acted in bad faith or engaged in intentional misconduct." *Id.* Once the moving party has established a prima facie case of contempt, "the responding parent must rebut that showing with evidence of legitimate reasons for failing to comply with the parenting plan." *Id.*; *see also* RCW 26.09.160(4).

C. TRIAL COURT FINDINGS

Under RCW 26.09.160(2)(b), a court shall find a party in contempt if, after a hearing, the court enters a written finding that the parent, in bad faith, has not complied with the order establishing residential provisions for the child. *James*, 79 Wn. App. at 440. To ensure an adequate basis for appellate review of a contempt order, a trial court must enter written findings. *State v. Dennington*, 12 Wn. App. 2d. 845, 851, 460 P.3d 643 (2020).

## II. APPLICATION

Ferguson argues that the trial court did not comply with procedures for adjudicating contempt under RCW 26.09.160 because the court (1) did not make factual findings on the question of whether Brady violated paragraph 14(a) of the parenting plan; and (2) issued its ruling on the contempt motion without requiring Brady to produce evidence rebutting Ferguson's allegations.

A. TRIAL COURT FINDINGS

Ferguson argues that the trial court abused its discretion by refusing to make factual findings as to whether Brady limited Ferguson's phone contact in violation of paragraph 14(a) of the parenting plan.

We disagree and conclude that the trial court made sufficient findings to support its denial of the motion for contempt. In its formal order, the trial court made a specific finding that the parenting plan was obeyed. This finding is supported by the record. At the contempt hearing, the court repeatedly stated that Ferguson's claims were "allegations." *See* RP at 11, 13, 14. After listing several of these allegations, the court stated that there was insufficient evidence to find any "intentional disobedience of any lawful judgment, decree or order. Merely allegations." *Id.* at 14.

The court assured Ferguson that it would consider "credible evidence of a violation, an intentional disobedience of an entered decree" but found that on the record before it, there were "no facts that support that." *Id.* at 16. These oral remarks convey the trial court's finding that Ferguson had not proven Brady violated the parenting plan. The trial court's denial of contempt was therefore not an abuse of discretion.[1]

B. CONTEMPT HEARING PROCEDURE

Ferguson argues that the trial court erred by not requiring Brady to produce evidence to rebut his allegations before denying the contempt motion. We do not consider this argument because it is barred by the invited error doctrine. In the alternative, we hold that the trial court did not err.

Under the invited error doctrine, a party may not set up an error at the trial court and then argue that error on appeal. An argument is barred as invited error when " 'a party takes affirmative and voluntary action that induces the trial court to take an action that party later challenges on appeal.' " *Fowler v. Fowler*, 8 Wn. App. 2d 225, 243, 439 P.3d 701 (2019) (quoting *Grange Ins. Ass'n v. Roberts*, 179 Wn. App. 739, 774, 320 P.3d 77 (2013). The doctrine may apply if the appellant affirmatively assented to the error, materially contributed to it, or benefited from it. *In re Dependency of A.L.K.*, 196 Wn.2d 686, 695, 478 P.3d 63 (2020).

---

[1] Ferguson also argues that the trial court authorized future violations of the parenting plan when it said "Phone calls should not last more than five minutes with a seven-year-old." RP at 17. As Ferguson's concern relates to potential future violations, which Ferguson is free to challenge should they arise, we decline to consider this issue. Furthermore, we take this somewhat unmindful remark by the trial court to be merely a reflection of the court's opinion about how long it is reasonable to expect a child of this age to maintain interest in a phone call.

Here, Brady sought a continuance of the hearing so that she could provide a written response to the contempt motion. Ferguson objected to the continuance and insisted that the trial court proceed with the hearing. Thus, Ferguson invited any error by the trial court in not waiting for a formal response from Brady and the invited error doctrine bars Ferguson from seeking reversal on that basis.

Even if Ferguson's argument were not barred by the invited error doctrine, we disagree with Ferguson's argument and conclude that the trial court followed the appropriate procedure for adjudicating the contempt motion.

Ferguson appears to contend that the trial court's finding of reasonable cause to set a hearing, standing alone, establishes a prima facie case of contempt and relieves the moving party of the burden to demonstrate noncompliance with the parenting plan at the contempt hearing. He argues that once the trial court finds reasonable cause and orders a show cause hearing, the nonmoving parent is necessarily in contempt unless they produce evidence to the contrary and demonstrate by a preponderance of the evidence that they lacked the ability to comply with the parenting plan or had a reasonable excuse for noncompliance. As part of this argument, Ferguson suggests that the trial court *lacks the authority* to deny a contempt motion when the nonmoving party does not produce evidence.

This is an incorrect interpretation of the burden of proof in a contempt proceeding. RCW 26.09.160(4) contains the presumption that the nonmoving party has the "ability" to comply with the parenting plan unless the party proves by a preponderance of the evidence that they do not. Ferguson confuses the presumption that a parent has the ability to comply with a parenting plan with a presumption that the moving party has established noncompliance with the parenting plan

7

merely because the trial court set a show cause hearing. Ferguson, notably, cites no authority for this strained reading of the statute.

At the show cause hearing, the moving party bears the burden of showing noncompliance with the parenting plan, as well as the other elements of contempt such as bad faith or intentional misconduct. *James*, 79 Wn. App. at 442. Once that showing is made, the nonmoving party bears the burden of showing, by a preponderance of the evidence, that they either lacked the ability to comply with the parenting plan or they had a reasonable excuse for noncompliance. *Id.* The assertions put forth by the moving party in their motion for contempt are just that—*assertions*. *In re Marriage of Lesinski*, 21 Wn. App. 2d 501, 511, 506 P.3d 1277 (2022). The trial court will order a show cause hearing when those assertions, *if true*, would be sufficient to establish a reasonable inference of noncompliance with the parenting plan. *Id.* During the show cause hearing, the moving party still has the burden of establishing contempt by a preponderance of the evidence. *James*, 79 Wn. App. at 442. And only when the moving party establishes a prima facie case of contempt with evidence that the offending party has acted in bad faith or engaged in intentional misconduct, does the burden shift to the nonmoving parent to rebut the allegations with legitimate reasons. *Id.*

Here, although the trial court found there was reasonable cause to issue a show cause order, the court found that the evidence presented did not establish either noncompliance with the parenting plan or that Brady had acted in bad faith or engaged in intentional misconduct. *See* RP at 14 (oral ruling that Ferguson's claims were "[m]erely allegations" and there was no "intentional disobedience of any lawful judgment, decree or order" in light of the evidence). Therefore, the

court did not abuse its discretion by denying contempt without requiring evidence from Brady because Ferguson failed to carry his burden.

## ATTORNEY FEES ON APPEAL

Brady argues that attorney fees should be awarded for Ferguson's "intransigence," alleging that he brought the appeal in bad faith to prolong litigation and has requested multiple continuances to delay. Br. of Resp't at 22. Brady also requests attorney fees under RCW 26.09.140. We decline Brady's request for attorney fees based on Ferguson's intransigence, but grant her request for need-based fees under RCW 26.09.140.

### A. FEES FOR INTRANSIGENCE

We decline Brady's request for attorney fees based on Ferguson's intransigence. An appellate court may award attorney fees on appeal based on a party's intransigence either at trial or on appeal. *In re Marriage of Wallace*, 111 Wn. App. 697, 710, 45 P.3d 1131 (2002). The financial resources of the parties are inconsequential where intransigence is established. *Id.* An appellant that pursues a meritless appeal for the purpose of delay and expense is intransigent. *Gamache v. Gamache*, 66 Wn.2d 822, 830, 409 P.2d 859 (1965). While we disagree with Ferguson's arguments on appeal, his appeal is not so clearly without merit as to establish intransigence.

### B. NEED-BASED ATTORNEY FEE AWARD

Under RAP 18.1(a), a party may request attorney fees if "applicable law" grants them the right to recover the fees. RCW 26.09.140 grants us discretion to grant attorney fees on appeal of a contempt action. An award of attorney fees under RCW 26.09.140 is based on a consideration of " 'the parties' relative ability to pay' and 'the arguable merit of the issues raised on appeal.' " *In*

No. 58634-7-II

*re Marriage of Muhammad*, 153 Wn.2d 795, 807, 108 P.3d 779 (2005) (quoting *In re Marriage of Leslie*, 90 Wn. App. 796, 807, 954 P.2d 330 (1998)).

Brady successfully argued the other issue on appeal. In addition, Brady's financial affidavit reflects the need for fees because her monthly expenses exceed her monthly income. Ferguson's net income is greater than his monthly expenses, therefore he has the ability to pay at least some of Brady's fees. Based on this review, we grant Brady's request for attorney fees in an amount to be determined by the court commissioner.

CONCLUSION

We affirm the trial court's denial of Ferguson's motion for contempt and grant Brady's request for attorney fees under RCW 26.09.140.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

GLASGOW, J.

PRICE, J.

10