**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In re Matter of the Marriage of: | No. 87590-6-I |
| CRYSTAL D. THACKER (NKA SKOV), | DIVISION ONE |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| DAVID THACKER, | |
| Appellant. | |

FELDMAN, J. — David Thacker appeals from the trial court's judgment and order awarding attorney fees to Crystal Skov stemming from the modification of the parties' parenting plan. Thacker argues the trial court lacked authority to award certain fees and abused its discretion in numerous respects. We affirm and award Skov reasonable attorney fees on appeal.

I

In our prior opinion in this matter, we affirmed the trial court's orders modifying the parties' parenting plan and ordering an adjustment in child support. *See In re Marriage of Thacker*, No. 85962-5-I, slip op. at 1 (Wash. Ct. App. Dec. 15, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/859625.pdf.

That opinion recounts the underlying facts, which are known to the parties and need not be repeated in this unpublished opinion.

In a separate order, the trial court granted Skov's request for attorney fees in connection with the parenting plan modification. In a judgment and order dated October 2, 2023 (the first fee award), the court awarded fees to Skov totaling $216,902.85. The court explained it "did not award fees for litigation related to [Thacker's] receipt of a DVPO under the separately filed case #22-2-01705-8" nor did it "award fees for [Skov's] defense of herself against Assault 4 charges brought against her by the City of Issaquah under Case number 2A0190401" because those matters were "not before this Court."

Both parties filed motions for reconsideration. Skov requested that she be awarded additional fees that were omitted from the first fee award whereas Thacker argued that the court had erroneously awarded Skov fees for matters that it intended to exclude, including fees pertaining to the Issaquah criminal action and a motion for contempt that Thacker prevailed on. The trial court granted both motions in part and entered a corrected judgment and order on November 3, 2023 (the second fee award) awarding fees to Skov totaling $235,266.51.

Thacker then filed another motion for reconsideration arguing that the court continued to include fees for matters unrelated to the parenting plan modification and that he lacked the ability to pay the fee award by the specified deadline. Skov also filed another motion for reconsideration requesting fees listed on a particular invoice that the court had previously denied. The trial court rejected Thacker's argument that he lacked the ability to pay the fee award, noting it "was given

overwhelming evidence regarding the disparity in incomes when it ordered Mr. Thacker to pay Ms. Skov's attorney fees based on his ability to pay and her need." But the trial court "acknowledge[d] some continued miscalculations on attorney fees awarded pursuant to invoices provided by [Skov]." Accordingly, the court deducted some fees that it determined should not have been included in the award, as they were incurred on separate cases or issues unrelated to the parenting plan modification. The court also denied Skov's request for additional fees because the invoice she submitted did not provide the necessary information to determine what work was performed and on which matter. The court then entered a new judgment and order on January 25, 2024 (the third fee award) vacating and replacing its prior judgment and order and awarding fees to Skov totaling $200,905.15.

Skov filed another motion for reconsideration asserting that counsel had inadvertently omitted a significant number of invoices from the fee declaration she submitted in September 2023 and on subsequent motions for reconsideration. The missing invoices had previously been admitted as part of trial exhibit 240. Thacker objected to the motion and again argued that the court's fee award continued to include fees unrelated to the parenting plan modification. The trial court granted Skov's motion in part and entered another judgment and order on April 9, 2024 (the final fee award) pursuant to CR 59 replacing the previous judgment and order. The court found that the failure to provide the missing invoices "was a mistake, inadvertently excluded, and a product of excusable neglect, especially in light of the fact that these invoices were submitted to the Court as an admitted trial exhibit."

The court excluded from its award an invoice that was not part of trial exhibit 240. The final fee award totaled $236,661.56.

Thacker then filed another motion for reconsideration arguing that the fee award continued to include fees for work unrelated to the parenting plan modification. The court denied this motion in its entirety. Thacker appeals.

II

We apply "a two-part review of attorney fee awards." *Pierce v. Bill & Melinda Gates Found.*, 15 Wn. App. 2d 419, 446, 475 P.3d 1011 (2020). "First, we review de novo whether a legal basis exists for awarding attorney fees by statute, under contract, or in equity. We then apply an abuse of discretion standard to a decision to award or deny attorney fees and the reasonableness of any such attorney fee award." *Id.* at 446-47 (internal citations omitted). "The amount of a fee award is discretionary, and will be overturned only for manifest abuse of discretion." *Mayer v. City of Seattle*, 102 Wn. App. 66, 79, 10 P.3d 408 (2000). We also review for abuse of discretion a trial court's exclusion of time spent on unrecoverable claims. *Johnson v. Dep't of Transp.*, 177 Wn. App. 684, 691-93, 313 P.3d 1197 (2013). "A trial court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds, or if no reasonable person would take the position adopted by the trial court." *Mayer*, 102 Wn. App. at 79. "In all cases . . . it is the trial judge who has watched the case unfold and who is in the best position to determine which hours should be included in the lodestar calculation." *Chuong Van Pham v. Seattle City Light*, 159 Wn.2d 527, 540, 151 P.3d 976 (2007).

Addressing the legal basis for awarding attorney fees, Thacker argues the trial court lacked authority[1] to award fees incurred in separate legal actions or in connection with the motion for contempt that he prevailed on.  But the trial court explicitly stated in both its first and second fee awards that it was not awarding fees for litigation on any separate matter except to the extent those legal services were necessary to represent Skov on the parenting plan modification.  In its third and final fee awards, the trial court likewise stated it was not awarding fees related to the contempt proceedings.  Given these statements, Thacker's argument is factual rather than legal; simply stated, he asks us to decide whether the trial court erroneously determined that certain billing entries were related to the parenting plan modification.

Turning to that issue, Thacker asserts that, despite making numerous deductions for fees unrelated to the parenting plan modification, the trial court did not adequately analyze counsel's fee declaration to remove every entry that did not pertain to the modification, and he points to invoices that he contends include unrelated fees or partially redacted time entries.  This argument is unavailing.  Although trial courts must take an active role in assessing the reasonableness of a fee request, "'[a]n explicit hour-by-hour analysis of each lawyer's time sheets is unnecessary as long as the award is made with a consideration of the relevant factors and reasons sufficient for review are given for the amount awarded.'"

---

[1] Thacker frames his argument in terms of the trial court's "jurisdiction."  As we have previously explained, if the type of controversy is within the trial court's subject matter jurisdiction, then other challenges to the trial court's authority are not "jurisdictional."  *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 208, 258 P.3d 70 (2011).  There is no question that the trial court had subject matter jurisdiction.  Thacker's argument therefore concerns the trial court's authority to award the contested fees rather than its jurisdiction.

*Hulbert v. Port of Everett*, 159 Wn. App. 389, 409, 245 P.3d 779 (2011) (quoting *Absher Const. Co. v. Kent School Dist. No. 415,* 79 Wn. App. 841, 848, 917 P.2d 1086 (1995)).  Consistent with the active role requirement, the trial court entered not one but *four* orders explaining the fees it was awarding or excluding.  On three separate occasions, the court revised its previous fee award after the parties drew its attention to fees that it inadvertently included or omitted.  The court did not abuse its discretion in so ruling, and we decline Thacker's invitation to require an even more rigorous analysis than the thorough one employed by the trial court here.

Thacker next asserts the trial court erred by awarding Skov additional fees in its final fee award because Skov did not demonstrate that her failure to attach the invoices from trial exhibit 240 was the result of excusable neglect.  Thacker analyzes this issue under CR 60(b)(1), but the trial court granted Skov's motion for reconsideration under CR 59(a)(1).  As with the amount of the fee award, "[w]e review a trial court's grant or denial of a CR 59 motion for abuse of discretion." *Worden v. Smith*, 178 Wn. App. 309, 322, 314 P.3d 1125 (2013).  Under CR 59(a)(1), a trial court may amend a judgment if it finds an "[i]rregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial."  The record supports the trial court's ruling, and Thacker presents no argument that the trial court incorrectly applied this rule.  The court did not abuse its discretion in granting Skov's motion and awarding additional fees under CR 59(a)(1).

Lastly, Thacker asserts that the trial court's findings that he is able to pay the fee award and that Skov had a need for a fee award are unsupported by the record. The trial court's findings are based on the evidence presented at trial regarding the significant income disparity between Thacker and Skov, which was memorialized in the order on child support. As the trial court noted in its third fee award, "Mr. Thacker did not object at trial to the accuracy of Ms. Skov's proposed income figures relating to her income or his – they were agreed to by both Mr. Thacker and Ms. Skov." Likewise, in his prior appeal in this matter, Thacker did not challenge the trial court's findings regarding his income, assets, and liabilities. *Thacker*, No. 85962-5-I, slip op. at *18. Thacker may not dispute those same findings at this stage in the proceedings. *See* RAP 12.2.[2] Although Thacker argues the evidence presented at trial was out of date by the time the trial court entered the final fee award at issue here, he does not cite any authority supporting his contention that it was an abuse of discretion for the court to rely on evidence presented at trial in deciding whether to award fees for the parenting plan modification and determining the amount of the award.[3]

---

[2] RAP 12.2 provides in relevant part, "Upon issuance of the mandate of the appellate court . . . the action taken or decision made by the appellate court is effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court . . . ."

[3] Thacker also asserts two other arguments for the first time on appeal. First, he argues the trial court erred by awarding attorney fees for work that was purely clerical in nature. Thacker did not make this argument in his response to counsel's fee declaration or in any of his motions for reconsideration. Second, Thacker also asserts for the first time on appeal that it was inequitable to award fees to Skov because she presented extensive evidence at trial of decades-old events that he believes were irrelevant to the parenting plan modification. We decline to review these newly asserted arguments. *Prussak v. Prussak*, 27 Wn. App. 2d 451, 459 n.2, 536 P.3d 199 (2023) ("we decline to consider this issue for the first time on appeal," citing RAP 2.5(a)).

In sum, Thacker has not established that the trial court exceeded its authority or otherwise abused its discretion by awarding attorney fees to Skov totaling $236,661.56. We affirm the final fee award.

III

Both parties request attorney fees and costs on appeal under RCW 26.09.140. In determining whether to grant fees on appeal under RCW 26.09.140, we consider "'the parties' relative ability to pay' and 'the arguable merit of the issues raised on appeal.'" *In re Marriage of Muhammad*, 153 Wn.2d 795, 807, 108 P.3d 779 (2005) (quoting *In re Marriage of Leslie*, 90 Wn. App. 796, 807, 954 P.2d 330 (1998)). Based on these considerations, we grant Skov's request for fees and costs on appeal subject to compliance with RAP 18.1.

Affirmed.

Feldman, J.

WE CONCUR:

Birk, J.

Coburn, J.