IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of the Marriage of: | ) | No. 32057-0-III |
| | ) | |
| CYNTHIA SELLEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | PUBLISHED OPINION |
| | ) | |
| JASON SELLEY, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — The trial court concluded that it lacked authority to deviate Jason Selley's child support obligation from the standard calculation based on his failure to exercise visitation with his children. We hold that a trial court has the authority to deviate from the standard calculation when it would be inequitable not to do so. We reverse and remand to the trial court for it to consider making an upward deviation in Mr. Selley's child support obligation.

## FACTS

Mr. Selley and Ms. Selley have two children, both over the age of 12. The parties were divorced in 2004. In 2009, the parties modified their parenting plan. Mr. Selley's

modified residential time consisted of every Wednesday evening, every other weekend, and one-half of the holidays, special occasions, and vacations from school.

In 2013, the court found adequate cause for a second modification of the parenting plan. Ms. Selley asked that the court deviate from the standard calculation of child support because the children's basic needs and other expenses were not adequately supported by the current child support payment. Ms. Selley maintained that she carried an increased financial burden for the children's day-to-day needs because Mr. Selley abdicated his right to parental time.

A new parenting plan was entered on October 11, 2013. The trial court found undisputed evidence that Mr. Selley voluntarily had no contact with his children since December 2010, and that Ms. Selley was solely responsible for her children's needs, other than the child support that she received. The court also found that if Mr. Selley were to engage in even minimal visitation, Ms. Selley would receive some respite from the children's expenses. However, the court concluded that Mr. Selley's failure to exercise any residential time did not authorize it to deviate from the economic table because the parties' combined monthly income was less than $12,000.

No. 32057-0-III
*In re Marriage of Selley*

Ms. Selley appeals. She challenges the trial court's conclusion that it had no authority to deviate from the statutorily imposed child support schedule to address Mr. Selley's noninvolvement with the children and his resulting improved financial status.

ANALYSIS

A trial court's order of child support is reviewed for a manifest abuse of discretion. *In re Marriage of Griffin*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). "A trial court abuses its discretion if the decision rests on unreasonable or untenable grounds, or if it bases its ruling on an erroneous view of the law or involves incorrect legal analysis." *In re Parentage of A.L.*, 185 Wn. App. 225, 238-39, 340 P.3d 260 (2014).

When entering an order of child support, the trial court begins by setting the basic child support obligation. *State ex rel. M.M.G. v. Graham*, 159 Wn.2d 623, 627, 152 P.3d 1005 (2007). Basic child support is determined by the economic table in RCW 26.19.020, using the parents' combined monthly net income and the number and age of the children. RCW 26.19.011(1). When the parents' monthly net income is $12,000 or less, the economic table is presumptive. RCW 26.19.020. For a net monthly income that exceeds $12,000, the economic table is advisory and the court may exceed the presumptive amount of support on written findings of fact. RCW 26.19.020.

3

Once the basic child support obligation is derived from the table, the court must allocate the support obligation between the parents based on each parent's share of the combined income. RCW 26.19.080(1). This standard calculation is the presumptive amount of child support owed as determined by the child support schedule before the court considers any deviation. RCW 26.19.011(8).

Then, if requested, a court considers whether a deviation from the standard calculation is appropriate. RCW 26.19.075(1), (3). Reasons to deviate are listed in RCW 26.19.075, although this list is not exclusive. RCW 26.19.075(1). A deviation from the standard support obligation is appropriate when it would be inequitable not to do so. *In re Marriage of Pollard*, 99 Wn. App. 48, 55, 991 P.2d 1201 (2000). "When reasons exist for a deviation, the trial court shall exercise discretion in considering the extent to which the factors would affect the support obligation." RCW 26.19.075(4). The trial court is required to enter findings that specify the reasons for any deviation or denial of a parent's request for a deviation. RCW 26.19.075(3). "Unless specific reasons for deviation are set forth in the written findings of fact and are supported by the evidence, the court shall order each parent to pay the amount of support determined by using the standard calculation." RCW 26.19.075(2).

4

"[T]he intent of the statute is to ensure that awards of child support meet the child's or children's basic needs and to provide additional support 'commensurate with the parents' income, resources, and standard of living.'" *In re Marriage of McCausland*, 159 Wn.2d 607, 617, 152 P.3d 1013 (2007) (quoting RCW 26.19.001). Additionally, the intent of the statute is to equitably apportion the child support obligation between the parents. RCW 26.19.001.

The question here is whether the trial court had the authority to deviate from the standard calculation by apportioning a larger amount of the child support obligation to a parent who lessens their financial responsibility for the children's basic needs by abdicating visitation. The Washington Supreme Court confirmed that a trial court can deviate from the standard calculation to address whether child support obligations are properly allocated due to the residential schedule. The court in *Graham* decided that for parents who equally bear the burden of the children's basic expenses, the proper method for determining child support was to apply the standard calculation and statutory deviations for transfer payments. *Graham*, 159 Wn.2d at 636. The court held that RCW 26.19.075 explicitly gave the trial court discretion to deviate from the basic child support obligation based on the facts of a particular case, so a specific formula was not

5

necessary or statutorily required to ensure that the parents' child support obligation was properly allocated. *Graham*, 159 Wn.2d at 636.

Two cases address the question of whether a child support obligation can be increased based on the parent's nonexercise of visitation rights. Division One in *In re Marriage of Scanlon*, 109 Wn. App. 167, 178, 34 P.3d 877 (2001) held that no statutory basis existed to increase an obligor parent's child support payment based on that parent's number of overnight visits per year.

Division One again addressed the question in *In re Marriage of Krieger*, 147 Wn. App. 952, 965, 199 P.3d 450 (2008). There, Division One held that an obligor parent's abdication of parental responsibility could provide a reasonable basis for an award above the advisory child support amount. *Id.* The court found that Mr. Krieger's choice not to spend time with his children improved his financial position because Marilyn Walker bore the burden of all of the children's day-to-day expenses, including food, recreation, entertainment, extracurricular activities, and other incidentals. *Id.* Consequently, Ms. Walker necessarily carried an increased financial burden. *Id.* Because the parties' financial circumstances was a necessary factor in the determination of whether to award additional support above the advisory amount, the trial court could consider Mr. Krieger's abdication in its calculation of the support award. *Id.*

We are persuaded that *Krieger* is better reasoned than *Scanlon*. Because RCW 26.19.075(1)'s list of reasons to deviate is nonexclusive, because RCW 26.19.001 states that one purpose of the child support calculation is to equitably apportion child support between the parents, and because an obligee parent pays a higher portion of child expenses when the obligor parent chooses to abdicate most or all visitation, we hold that in such a situation, the trial court has the authority to deviate upward from the standard calculation when an upward deviation would better achieve an equitable apportionment. Here, the trial court abused its discretion when it concluded that it had no legal authority to deviate from the child support schedule based on the obligor parent's noninvolvement with the children.

We reverse and remand for the trial court to consider an upward deviation in Mr. Selley's child support obligation to be supported with appropriate findings of fact and conclusions of law. RCW 26.19.075(3).

_____
Lawrence-Berrey, J.

WE CONCUR:

_____     _____
Siddoway, C.J.                 Fearing, J.

7