**FILED**
**SEPTEMBER 25, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 34003-1-III |
| | ) | |
| CYNTHIA L. SELLEY, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| JASON S. SELLEY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Jason Selley appeals the trial court's order that

increased his child support above the standard calculation, retroactive to the day after

Cynthia Selley filed her petition to modify. We affirm.

FACTS

This is the second appeal involving similar issues between these parties. We set

forth the factual background by quoting from the earlier decision:

> Mr. Selley and Cynthia Selley have two children, both over the age
> of 12. The parties divorced in 2004. In 2009, the parties modified their
> parenting plan. Mr. Selley's modified residential time consisted of every
> Wednesday evening, every other weekend, and one-half of the holidays,
> special occasions, and vacations from school.

In 2013, the court found adequate cause for a second modification of the parenting plan. Ms. Selley asked that the court deviate from the standard calculation of child support because the children's basic needs and other expenses were not adequately supported by the current child support payment. Ms. Selley maintained that she carried an increased financial burden for the children's day-to-day needs because Mr. Selley abdicated his right to parental time.

A new parenting plan was entered on October 11, 2013. The trial court found undisputed evidence that Mr. Selley voluntarily had no contact with his children since December 2010, and that Ms. Selley was solely responsible for her children's needs, other than the child support that she received. The court also found that if Mr. Selley were to engage in even minimal visitation, Ms. Selley would receive some respite from the children's expenses. However, the court concluded that Mr. Selley's failure to exercise any residential time did not authorize it to deviate from the economic table because the parties' combined monthly income was less than $12,000.

*In re Marriage of Selley*, 189 Wn. App. 957, 958-59, 359 P.3d 891 (2015).

In the first appeal, we described the issue as "whether the trial court had the authority to deviate from the standard calculation by apportioning a larger amount of the child support obligation to a parent who lessens his or her financial responsibility for the children's basic needs by abdicating visitation." *Id.* at 961. After discussing the divisional split, we held that the trial court had authority to deviate from the standard monthly child support. *Id.* at 962. We therefore reversed and remanded to the trial court for it to enter appropriate findings and an appropriate deviation. *Id.*

2

On remand, the trial court entered appropriate findings describing the extent to which Mr. Selley's abdication of his visitation rights have increased Ms. Selley's child-related expenses and have decreased his own child-related expenses. Based on Mr. Selley not exercising any visitation with the children, the court found that the standard child support calculation did not equitably apportion the expenses between the parents. The court further found that absent a deviation from the standard child support calculation, Ms. Selley would lack income adequate to meet the needs of the children. The trial court therefore entered a modified child support order that deviates the monthly support obligation above the standard calculation of $1,138.18 to $1,552.09. In addition, the trial court ordered that the increased child support obligation be retroactive to February 1, 2013, the day after Ms. Selley filed her petition to modify child support.

Mr. Selley appeals the trial court's order.

## ANALYSIS

A.    DEVIATION ABOVE THE STANDARD CALCULATION

Mr. Selley does not challenge the holding in *Marriage of Selley*, 189 Wn. App. 957. The holding is the law of the case and such a challenge would be rejected. *In re Estate of Langeland*, 195 Wn. App. 74, 82, 380 P.3d 573 (2016), *review denied*, 187 Wn.2d 1010, 388 P.3d 488 (2017).

3

Instead, Mr. Selley argues he did not "abdicate" visitation and, for this reason, the trial court erred in ordering child support above the standard calculation. Citing a dictionary definition, he argues that "abdication" means a "failure to fulfill a responsibility or duty." Br. of Appellant at 6. He argues that he did not fail to fulfill a responsibility because the responsibility was removed by mutual agreement. Specifically, he argues: "[H]e and Ms. Selley agreed, after family counseling, that visitation with [him] was not in the children's best interests." Br. of Appellant at 7.

Whether the decision to forego visitation was unilateral or mutual is of no consequence. Importantly, the decision resulted in increased child-related expenses to Ms. Selley and decreased child-related expenses to Mr. Selley. The trial court's unchallenged findings in this regard are not contested. We conclude that the trial court did not err in ordering child support above the standard calculation.

B.    RETROACTIVE COMMENCEMENT OF INCREASED CHILD SUPPORT

Mr. Selley challenges the retroactive date for his increased child support.

A court may order that modified child support payments be retroactive, but only for those payments due after the commencement of modification proceedings. RCW 26.09.170(1)(a); *see also In re Marriage of Barber*, 106 Wn. App. 390, 398, 23 P.3d 1106 (2001).

Mr. Selley argues that making the increased payments retroactive is inequitable because the trial court's error of not knowing such payments could be above the standard calculation should not be "visited on [him]." Br. of Appellant at 10. We disagree.

First, Mr. Selley argued to the trial court that it could not deviate above the standard calculation. He thus contributed to the error.

Second, the equities of the case support setting an early commencement date. Mr. Selley stopped exercising visitation in December 2010. Since that month, Ms. Selley has incurred increased child-related expenses, and Mr. Selley has incurred decreased child-related expenses. The trial court's order makes increased child support retroactive to February 2013. Thus, Ms. Selley was not fully compensated for more than two years of child-related expenses, while Mr. Selley was not required to fully compensate her for those expenses.

For these reasons, the trial court did not abuse its discretion in ordering increased child support payments retroactive to the day after Ms. Selley petitioned to modify child support.

No. 34003-1-III
*In re Marr. of Selley*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____        _____
Siddoway, J.                                                    Fearing, J.