IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 37532-3-III |
| STACY J. RUDDICK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| RANDALL H. RUDDICK, III, | ) | |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, A.C.J. — Stacy Ruddick appeals an order permitting her ex-husband

to reduce his child support obligation in light of costs he incurs visiting the couple's

children in Southern California, after Stacy[1] relocated there in 2013.

---

[1] Given the parties' common last name, we refer to them by their first names for
ease of reading. We intend no disrespect.

We affirm the trial court's order of a conditional deviation downward from the standard child support calculation for Randall Ruddick. We reverse the sanction of attorney fees imposed on Stacy for filing a motion for reconsideration. We remand for a limited purpose: so that the trial court can consider whether, in calculating the parties' child support obligations, Stacy should receive credit or a deviation for any special expenses. The trial court may decide the remanded issue without a further hearing and should consider only evidence presented prior to the September 29, 2016 order that originally resolved the modification motion.

FACTS AND PROCEDURAL BACKGROUND

This is the second appeal by Stacy Ruddick of a seven-year-old child support modification matter. We begin by recapping the background and unpublished opinion in the first appeal, *In re Marriage of Ruddick*, No. 35416-4-III (Wash. Ct. App. Nov. 1, 2018).[2]

*The prior appeal*

Stacy and Randall Ruddick are the divorced parents of three children. The family lived in Spokane at the time of the divorce. The parenting plan, on dissolution, granted residential placement to Stacy.

---

[2] Available at https://www.courts.wa.gov/opinions/ pdf/354164_unp.pdf.

In February 2013, Stacy petitioned the court to allow her to relocate to San Diego, the principal reason being the needs of the children, who all suffer from Angelman Syndrome, a genetic disorder that affects the nervous system and causes cognitive and muscular limitations. Stacy argued that San Diego is a center for Angelman Syndrome research and she would be paid by the State of California to care for her children. The petition to relocate was granted over Randall's objection.

The modified parenting plan allowed Randall to visit the children in San Diego during the last two weeks of each August. It reserved for later determination a modification of child support to account for the relocation and directed that any modification of Randall's child support obligation reflect visitation transportation costs.

Randall petitioned for modified child support in April 2014. He filed a supplemental declaration in support of the petition in February 2016. In each case, he documented and requested credit for expenses that exceeded $5,000 per visit.

In Stacy's child support worksheets submitted in connection with the modification motion, she sought to have expenses of her own taken into consideration: a total of $710 per month for nursing care, incontinence supplies, special clothing, and education/tutoring. Stacy's worksheets revealed that in addition to what the State of California paid her for caregiving, her household received monthly supplemental security income (SSI) of $1,701.

The modification request was heard in 2016 by pro tem commissioner Gabrielle Roth. Commissioner Roth awarded Randall "transportation expenses" for his annual visit of $4,500, which was $1,500 less per year than he requested and $2,820 per year more than proposed by Stacy. *Id.* at 7. In a letter opinion explaining her decision, the commissioner observed that when Randall visited the children in California, it was undisputed that the couple's children

> are special needs, and require greater than average care when in the care of either party—staying in a regular hotel for a two week period, going out to eat for every meal does not appear to be an option for these kids. I believe both parties would agree that if Mr. Ruddick were to continue visiting in California, he needs to obtain a more condominium-like setting, with kitchen facilities and room for him and the three children given their special needs. If he ever [chooses] to bring them back to Spokane, he will have to carefully assess the transportation needs for getting them to/from his home.

Clerk's Papers (CP) at 263-64. Commissioner Roth ordered that the expense would be addressed by allotting Randall a monthly credit of $375 in the child support worksheet. *Ruddick*, slip op. at 6.

Stacy filed a motion for reconsideration. It was mostly denied, although Commissioner Roth made an adjustment to the sharing ratio to account for a reduction in Stacy's caregiving income from the State of California. Relevant to the issue raised in this appeal, Commissioner Roth denied Stacy's request that she be given credit for special expenses, explaining:

> My ruling did not include these costs for Ms. Ruddick because other than claiming this expense in her worksheet, there was no evidence of any kind

4

> submitted on her behalf about this issue—nothing in her declaration, no receipts, charts or anything to suggest a shared expense that should be attributed to Mr. Ruddick.

CP at 307.

Stacy appealed. This court's decision, filed on November 1, 2018, agreed with Stacy's argument that "long-distance transportation costs to and from the parents for visitation purposes," which RCW 26.19.080(3) provides shall be shared, has a meaning narrower than one might ascribe to "travel expenses." *Ruddick*, slip op. at 13-14. This court held that "a car rental bill, food, condominium rent, diapers, and entertainment," which were among the visitation expenses documented by Randall, do not qualify as "long-distance transportation costs to and from the parents for visitation purposes." *Id.* at 11 (internal quotation marks omitted).

This court nonetheless observed that RCW 26.19.080(3) provides for parental pro-rata sharing of "[d]ay care and *special child rearing expenses*, such as tuition and long-distance transportation costs . . . for visitation purposes." (Emphasis added.) It "remand[ed] to the trial court for further proceedings to determine if another ground or other grounds exist to order Stacy Ruddick to share in those additional expenses." Slip op. at 14.

This court rejected other assignments of error made by Stacy, but provided that two of her contentions, if applicable, could be raised again on remand: her arguments (1) that any nontransport expenses claimed by Randall were excessive, and (2) to the extent

that Randall was reimbursed for a particular child rearing cost, the court should have granted her request for the same cost.

*Proceedings following remand*

The mandate in the appeal issued on December 11, 2018. Commissioner Roth had resigned and the matter was assigned on remand to Commissioner Michelle Ressa, who had earlier signed a final order following Commissioner Roth's resignation. At Stacy's request, in April 2019, Commissioner Ressa conducted a hearing to provide direction on the evidence and argument she would entertain to address the remanded issue. Commissioner Ressa construed this court's opinion as allowing her

> *to hear the evidence . . . not in a new evidence way* really just an argument way, a legal argument now that you know what the Court of Appeals found as far as what other expenses could and could not be shared based on what you already presented. *So, there won't be new evidence* on this remand.

CP at 340 (emphasis added). Stacy's counsel responded, "Right." *Id.*

On August 1, 2019, Stacy filed a motion seeking changes to the 2016 child support order she contended should be made in light of this court's opinion. In a supporting declaration, she asked the court to deny Randall credit for any cost other than his own round trip airline tickets. Because Randall had been receiving the $375.00 per month credit ordered by Commissioner Roth for several years, Stacy claimed to be entitled to a payment from Randall of $24,060.10.

6

In an aside, Stacy argued that if the court did reimburse Randall for expenses such as diapers, necessities, and entertainment, she should be reimbursed for the same costs. That is not the relief she requested, however. Her request for relief was for an order retroactive to 2013 "that uses the airfare only as a credit." CP at 349.

At a September 2019 hearing on the now five-year-old modification request, Stacy's lawyer observed that Randall did not submit briefing, and surmised it was because he recognized that any special cost he asked to be reimbursed would be more than offset by Stacy's claim to the same cost. Randall's lawyer took the position that no response was needed, however, because Stacy's allegedly "same" costs had been taken into consideration either through $1,701 in SSI payments for the children's expenses or through the child support arrived at through the court's worksheet.[3] He argued it was only *Randall's* costs associated with those expenses that had not been taken into account before Commissioner Roth's 2016 order.

At the conclusion of argument, Commissioner Ressa reserved ruling but invited the parties to identify any materials before Commissioner Roth that they wished her to review, and directed each to present a proposed order.

---

[3] RCW 26.19.071(4) provides that SSI received by a parent is excluded in calculating a parent's gross income and shall not be the basis for a deviation; it does not address the relevance of SSI received by a child. *In re Marriage of Trichak*, 72 Wn. App. 21, 25, 863 P.2d 585 (1993).

Stacy's proposed order denied pro rata reimbursement for all costs requested by Randall. It did not ask that she be reimbursed for any of her own costs.

Rather than sign either party's proposed order, Commissioner Ressa prepared and entered her own. Her order began by cataloguing the parties' 29 submissions that were the "relevant procedural history from April 24, 2014 to September 13, 2019." Opening Br. of Appellant, App. 1, at 1-2 (boldface and some capitalization omitted). Her findings included the following:

6. Mr. Ruddick incurs extra expenses during his residential time due to the children's disabilities.

7. The parents share the cost of these expenses because a deviation reduces the transfer payment to Ms. Ruddick each month.

8. The extra expenses incurred by Mr. Ruddick for his 2 weeks of residential time support a deviation from the standard calculation of child support.

9. This court will not disturb the original court's findings regarding the calculation of those expenses.

10. These special needs children have expenses that warrant a deviation from the child support standard calculation.

*Id.* at 2-3. She entered the following conclusions of law:

1. The court may deviate from the standard calculation after consideration of expenses for the special needs of disabled children and the special medical, educational, or psychological needs of the children. RCW 26.l9.075(c)(iii) and (iv).

2. The listed reasons for deviation under RCW 26.19.075 are not an exhaustive list.

*Id.* at 3. Based on the findings and conclusions, she ordered that:

8

1.  Of the $4500 per year in expenses on which Pro Tem Court Commissioner Roth based a child support "credit" for Mr. Ruddick, $570 per year shall be allocated as transportation expenses and the remaining $3930 shall be an annual deviation based on the special medical and psychological needs of these disabled children.

2.  The monthly deviation from the standard calculation of child support is $375 per the prior order.

3.  Mr. Ruddick's deviation will only be allowed if he exercises his 2 weeks of residential time in the same or similar manner in which he argued for these expenses.

*Id.*

Stacy moved for reconsideration. She characterized a deviation as "totally unexpected" and "a deviation just for [Randall] downward, is not fair without a deviation upward for me for the same things, times 25." CP at 362. She argued, but did not document, that she had over $2,800 of additional monthly expenses related to the children's medical condition—four times the amount she included in worksheets submitted in 2016.

Commissioner Ressa entertained oral argument of the motion for reconsideration. Randall's counsel argued that the Court of Appeals decision "only remanded for the issue of Mr. Ruddick should he get a credit or a reduction for the expenses that he had alleged . . . . And the appeal itself was only about this issue of the credit being given to Mr. Ruddick. It was not an appeal on the denial of what she's asking for as an extraordinary upward deviation or consideration of these other expenses." Report of Proceedings (RP) at 44. Randall's lawyer also argued, "I think these are issues she raised before, the same

exact issues on her reconsideration request. Denied. Not appealed. I don't think that that is properly before the court." RP at 45.

Stacy's counsel argued that this court's opinion *did* address her argument that a prorated expense for one party needs to be a prorated expense for both, but explained, "I couldn't find it in the short time that I had here." RP at 45.

At the conclusion of the hearing, Commissioner Ressa pointed out that her October 2018 decision called out the almost five-and-a half-year timeline of the modification matter because she "wanted to show any reviewing court the length of time and delay . . . every time there is a hearing in this case, and that is not helpful." RP at 50. She again reserved ruling and directed the parties to submit proposed orders.

Commissioner Ressa thereafter entered the order proposed by Randall, denying the reconsideration motion. The order stated that Stacy raised similar arguments about her own expenses in a motion for reconsideration filed on July 25, 2016, and as to that issue, the motion for reconsideration was denied and was not appealed. The order stated that this court's unpublished opinion did not say that Stacy's claim for additional expenses should be considered, as claimed by Stacy's counsel.

The order proposed by Randall awarded him $750 in attorney fees that the commissioner indicated in a handwritten notation were awarded "for bringing a duplicative motion." CP at 380.

Stacy appeals.

ANALYSIS

Stacy alleges seven errors, which we address as presenting the following issues: whether the trial court abided by this court's 2018 opinion when it (I)(A) determined that Randall was entitled to a deviation downward rather than determining whether he should receive a credit for special expenses, and (B) in Stacy's view, reinstated an order that this court reversed (assignments of error 1, 2 and 6); (II) whether the trial court improperly sanctioned Stacy for filing an alleged "duplicative motion" she contends was allowed by this court (assignment of error 5); and (III) whether the trial court erred in denying Stacy an offsetting deviation (assignments or error 3, 4, and 7). After an overview of the child support calculation process, we address the issues in the order stated.

Child Support Calculation

In 1988, the Washington Legislature established a statewide child support schedule based on periodically-reviewed economic data, with the objective of ensuring that child support orders are adequate, commensurate with the parents' resources, and equitably apportioned between the parents. LAWS OF 1988, ch. 275, §§ 1, 5. At the time of the original modification order entered here, child support worksheets in a form developed by the administrative office of the courts were required to be completed by parties under penalty of perjury and supported by recent tax returns, current paystubs, or other sufficient verification. RCW 26.19.035(3); former RCW 26.19.071(2) (2011). Using the parties' income information, a presumptive amount of child support, or

"standard calculation," would be determined from the state child support schedule before the court considered any reasons for deviation. RCW 26.19.011(9). The basic child support obligation would be allocated between the parents based on each parent's share of the combined monthly net income. RCW 26.19.080(1).

RCW 26.19.075 provides a nonexclusive list of reasons for deviating from the standard calculation. *See* RCW 26.19.075(1) ("[r]easons for deviation . . . include but are not limited to the following"). Among reasons identified by statute are high expenses attributable to the special needs of disabled children and special medical, educational, or psychological needs of the children. RCW 26.19.075(1)(c)(iii), (iv).

"A deviation from the standard support obligation is appropriate when it would be inequitable not to do so." *In re Marriage of Selley*, 189 Wn. App. 957, 960, 359 P.3d 891 (2015). When granting or denying a request to deviate from the standard calculation, the trial court "must provide 'specific reasons' for its decision . . . and those findings must be supported by substantial evidence." *State ex rel. J.V.G. v. Van Guilder*, 137 Wn. App. 417, 424, 154 P.3d 243 (2007) (internal quotation marks omitted); RCW 26.19.075(3). We review a trial court's ruling on deviation for abuse of discretion and for substantial evidence supporting the court's findings. *In re Marriage of Condie*, 15 Wn. App. 2d 449, 472-73, 475 P.3d 993 (2020). In determining whether substantial evidence exists to support a superior court's findings, we view the record in the light most favorable to the party in whose favor the findings were entered. *In re Marriage of Gillespie*, 89 Wn. App.

No. 37532-3-III
*In re Marriage of Ruddick*

390, 404, 948 P.2d 1338 (1997). We will not substitute our judgment for trial court judgments if the record shows the court considered all relevant factors and the award is not unreasonable under the circumstances. *In re Parentage of O.A.J.*, 190 Wn. App. 826, 831, 363 P.3d 1 (2015).

In addition to the possibility of deviation, RCW 26.19.080(2) and (3) address certain child-specific costs, not included in the economic table, that shall be shared by the parents in the same proportion as the basic child support obligation. They include monthly health care costs, RCW 26.19.080(2), and day care and special child rearing expenses such as tuition and long-distance transportation costs for visitation purposes. RCW 26.19.080(3). The court may exercise its discretion to determine the necessity for and the reasonableness of these amounts ordered in excess of the basic child support obligation. RCW 26.19.080(4).

I.  THE TRIAL COURT'S ORDER FINDING AND ORDERING A DEVIATION IS NOT
    INCONSISTENT WITH THIS COURT'S 2018 REMAND

The decision of an appellate court establishes the law of the case and must be followed on remand. *Lodis v. Corbis Holdings*, *Inc*., 192 Wn. App. 30, 58, 366 P.3d 1246 (2015). A lower court is prohibited from relitigating issues that were previously decided by the higher court "whether explicitly or by reasonable implication." *Id*. at 56 (internal quotation marks omitted) (quoting *Ellis v. United States*, 313 F.3d 636, 646 (1st Cir. 2002)). The superior court may exercise discretion where an appellate court

13

directs it to "consider" an issue, although in so doing, it must adhere to the appellate court's instructions, if any. *State ex rel. Smith v. Superior Court for Cowlitz County*, 71 Wash. 354, 357, 128 P. 648 (1912); *In re Marriage of McCausland*, 129 Wn. App. 390, 399, 118 P.3d 944 (2005), *rev'd on other grounds*, 159 Wn.2d 607, 152 P.3d 1013 (2007).

Stacy argues unpersuasively that in ordering a deviation, the trial court failed to abide by this court's 2018 opinion.

A. The trial court was not foreclosed by law of the case from ordering a deviation and entered sufficient findings supported by substantial evidence

Stacy first argues that this court's 2018 opinion prohibited the trial court on remand from considering the expenses claimed by Randall as anything other than as expenses to be shared under RCW 26.19.080. Commissioner Roth had analyzed them as transportation expenses under that provision, and this court specifically recognized that they might qualify as expenses otherwise shareable under that section:

> We observe that, because of the unique needs of the Ruddick children, the food, lodging, car rental, diapers, and entertainment *might fulfill the definitions of the other terms such as day care and special child rearing expenses.*

*Ruddick*, slip op. at 14 (emphasis added).

Nevertheless, while recognizing that possibility, this court broadly authorized the trial court "to determine if another ground or grounds exist[ed] to order Stacy Ruddick to

share in those additional expenses." *Id.* This court did not say the expenses could only be considered as special expenses under RCW 26.19.080.

Stacy offers no legal authority that an expense that qualifies as a cost to be shared under RCW 26.19.080 and as a basis for deviation under RCW 26.19.075(1) must be claimed and considered as one, but not the other. To the contrary, in such a situation, statutory language authorizes and even directs courts to consider both. RCW 26.19.075(4) requires, without qualification, that "[w]hen reasons exist for deviation, the court *shall* exercise discretion in considering the extent to which the factors would affect the support obligation." (Emphasis added.) RCW 26.19.035(1) similarly provides that "[t]he provisions of this chapter for determining child support and reasons for deviation from the standard calculation shall be applied in the same manner by the court, presiding officers, and reviewing officers."

In *In re Marriage of Arvey*, the father, recognizing that the appellate court might remand for a recalculation of child support, asked preemptively that the appellate court direct the trial court not to consider deviation, since his ex-wife had not previously sought a deviation and he did not intend to seek one. 77 Wn. App. 817, 826-27, 894 P.2d 1346 (1995). The court did remand for a recalculation and refused to tie the trial court's hands. Recognizing that it was ordering the trial court to approach the child support calculation differently than it had before, the appellate court ruled that "[o]n remand, the trial court may reconsider whether any deviations apply." *Id.* at 827.

15

RCW 26.19.075(3) provides that the court shall enter findings that specify reasons for any deviation, and the court did so here, with the 6th through 10th findings, and the conclusions of law that statutory reasons for deviation, while nonexclusive, existed. Viewing the evidence in the light most favorable to Randall, as required, substantial evidence in the form of his declarations and documentation supports the findings. *See, e.g.*, CP at 129-30, 225-26, 293-94. Even some of Stacy's argument about the children's special needs provides support for Randall's argument that for him to provide the children with a safe, healthy, comfortable environment during his two week visitation, he needs adequate housing and the ability to prepare meals, take the children for excursions, clean, and do laundry. *See* CP at 363-65.

B. For the trial court to rely on Commissioner Roth's calculation of expenses does not conflict with this court's decision

Stacy also argues that Commissioner Ressa impliedly reinstated Commissioner Roth's order by leaving Randall in the same financial situation under different reasoning—something she argues violates this court's "law of the case" reversal of the order as to many expenses characterized as transportation expenses. But this court's opinion remanded for the trial court to determine if those expenses could be ordered shared on some other ground. There is no inconsistency.

We also point out that Commissioner Ressa's finding about not disturbing Commissioner Roth's ruling was that she would not disturb her findings "regarding the

16

*calculation* of those expenses." Opening Br. of Appellant, App. 1, at 3 (emphasis added).

Stacy did not challenge the calculation of the expense amounts in her prior appeal. This court did not find any error in their calculation.

II.     THIS COURT'S 2018 OPINION INVITED STACY TO ASSERT HER CLAIM FOR EXPENSES ON REMAND, SO WE REVERSE THE SANCTION IMPOSED FOR A DUPLICATIVE MOTION

Commissioner Ressa would have no reason to have reviewed the parties' briefing in the prior appeal. Contrary to the order proposed by Randall and entered by the court, Stacy did assign error to Commissioner Roth "treating the mother's request for rearing costs such as diapers, etc., for these disabled children, differently than the father's request for reimbursement of those expenses." Appellant's Opening Br. at 8, *Ruddick*, No. 35416-4-III (Wash. Ct. App. Dec. 6, 2017); *and see id.* at 17-18. Contrary to the order proposed by Randall and entered by the commissioner, this court did say, in its 2018 opinion:

> Stacy Ruddick next contends the trial court erred in denying her request for some reimbursement of rearing costs, such as diapers, when affording Randall partial reimbursement for the same costs. We have reversed such costs. *Stacy may raise this argument again during the remand hearing.*

*Ruddick*, slip op. at 15 (emphasis added).

For Stacy to renew the argument about her own expenses following remand was, no doubt, duplicative of an argument earlier made and rejected by Commissioner Roth. But her re-argument of the issue was explicitly authorized by this court. Stacy should not

No. 37532-3-III
*In re Marriage of Ruddick*

have been sanctioned for raising the argument and Randall should not be rewarded for

misremembering what was raised and ruled in the earlier appeal. We reverse the $750

attorney fees imposed as a sanction.

III.     WE REMAND FOR THE LIMITED PURPOSE OF DECIDING AND ENTERING FINDINGS ON
         STACY'S REQUEST FOR REIMBURSEMENT OF HER OWN CHILD REARING COSTS

This court provided in the 2018 opinion that following remand, Stacy could renew

her request for some reimbursement of rearing costs such as diapers. This court said

nothing about the merit of that request. Randall argued the request should be rejected for

the reason it was rejected by Commissioner Roth: Stacy's failure to provide evidence of

reasonable and necessary special need expenses that were not adequately addressed by

child support and financial assistance. Br. of Resp't at 20-22, *Ruddick*, No. 35416-4-III

(Wash. Ct. App. Feb. 26, 2018).

We are mindful of the protracted history of the modification motion pointed out by

Commissioner Ressa. Nonetheless, given the direction in this court's 2018 opinion,

Stacy's request must be addressed. If her request is rejected, a finding providing the

reason for the rejection must be entered.

We see no reason why any further hearing is needed unless the trial court chooses

to conduct one. Given that this appeal concerns a modification motion that was decided

in 2016, the evidence should be confined to Stacy's child support worksheets and any

18

supporting declarations or documentation she presented prior to the September 29, 2016 order denying reconsideration.

We affirm the trial court's order of a conditional deviation downward from the standard child support calculation for Randall. We reverse the sanction of attorney fees imposed on Stacy. We remand for the limited purpose of a decision and findings on Stacy's request for an award of child rearing costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_Siddoway, ACJ_
Siddoway, A.C.J.

WE CONCUR:

_Fearing, J._
Fearing, J.

_Staab, J._
Staab, J.