IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOYCE MCMAHON TYMCZYSZYN, | No. 87324-5-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JOSEPH PAUL TYMCZYSZYN, | |
| Respondent. | |

HAZELRIGG, C.J. — Joyce McMahon Tymczyszyn appeals the denial of her motion to vacate the final order that dissolved her marriage in 1989 based on her allegations of fraud. Because the trial court did not err when it denied her motion, we affirm.

FACTS

Joyce and Joseph Tymczysyn[1] were married in 1976. The couple filed for dissolution of the marriage, which Joyce signed as the petitioner and Joseph expressly joined, in April 1989. The trial court entered final orders on the dissolution on July 27, 1989. Over 30 years later, in September 2021, Joyce filed a motion to vacate the order on dissolution pursuant to CR 60. Joyce's motion was premised on allegations of fraud under CR 60(b)(4) and a general request for relief pursuant to CR 60(c). Joyce supported her motion with a declaration and

---

[1] Because the parties share the same last name, we use their first names for clarity. No disrespect is intended.

later filed a supplemental declaration, as well as a motion for an in-person hearing and authorization to serve Joseph via certified mail. Joseph did not file a response.

On November 4, 2021, the trial judge entered an order denying Joyce's motion to vacate that stated, "Much of the petitioner's declaration appears to be delusional in nature and, even if believed, does not coherently articulate how the alleged fraud or misconduct relates to the divorce action." The order also noted that the relief requested, "to be 'restored to her status as wife as if there had never been a decree of dissolution' including ordering the parties into joint counseling for Stockholm syndrome, is not relief that would be ordered by this court." Further, the trial court explained that CR 60 motions to vacate must be brought within a reasonable time and, although Joyce claimed to have discovered the purported fraud within the three years preceding her motion, "most evidence she presents dates from the time of the divorce." The trial judge also ordered the sealing of mental health records that Joyce had filed to accompany her declaration.

Joyce renewed her efforts several years later. On September 13, 2024, she filed another motion to vacate and a substantially similar supporting declaration. However, the 2024 motion omitted any mention of CR 60 and instead simply identified "fraud" as the issue for the court to decide.[2] The same day, and without a hearing, the trial court denied her motion again and stated that "having reviewed a motion for order to vacate a decree of dissolution[, the court] denies motion for

---

[2] Despite not designating this motion as one under CR 60, the trial court substantively treated it as such based on the relief sought.

the same reasons stated in the [c]ourt's order denying a virtually identical motion in 2021 and based on the doctrines of claim and issue preclusion."[3]

Joyce timely appealed.

ANALYSIS

Only the September 13 order denying Joyce's 2024 motion to vacate is before us in this appeal. However, the 2024 order expressly incorporated the reasoning of the 2021 order denying her CR 60 motion and added issue and claim preclusion as additional bases for denying the 2024 motion. Because the 2024 order relies on the justifications from the 2021 order, we consider the 2021 order only to the extent that its reasoning was incorporated by reference into the 2024 order.

I.      Motion To Vacate

While Joyce's 2024 motion did not explicitly invoke CR 60, the trial court treated it as a motion under that rule, likely because of its marked similarity to the motion Joyce filed in 2021 that sought the same relief but with express reliance on CR 60. Our State Supreme Court has long held that the substance of a pleading should determine how it is considered. *See Pamelin Indus., Inc. v. Sheen–U.S.A., Inc.*, 95 Wn.2d 398, 401-02, 622 P.2d 1270 (1981) (holding intent and purpose of motion can properly be inferred from its substance). In light of the fact that Joyce's nearly identical 2021 motion rested entirely on CR 60 and the contention put forth in both motions was that vacatur was necessary due to fraud, the court properly

---

[3] Understandably, as the motion was decided the same day it was filed, Joseph did not file a response to the 2024 motion to vacate.

assessed the merits of her 2024 motion to vacate as rooted in CR 60. However, her briefing on appeal fails to meaningfully engage with CR 60 and case law interpreting the rule, but instead reiterates the substance of her claims, attempts to apply case law related to civil claims of fraud, and asserts that the trial court erred by failing to vacate the decades old dissolution order. In response, Joseph contends that the "trial court correctly denied Ms. Tymczyszyn's motion to vacate initially in 2021, as the motion was without merit, and was untimely. The court again properly denied the motion in 2024, for the same reasons, in addition to the fact that the motion was barred to to [sic] issue preclusion."

We, like the trial court, consider this case under the framework of CR 60. CR 60(b) authorizes the trial court to "relieve a party or the party's legal representative from a final judgment, order, or proceeding." The rule provides specific grounds for relief from fraud, which can be "intrinsic or extrinsic," that results from a misrepresentation or "other misconduct of an adverse party." CR 60(b)(4). Notably, the rule requires that such a motion "be made within a reasonable time." CR 60(b). "Courts have observed that what constitutes a reasonable time depends on the facts of the case." *In re Marriage of Thurston*, 92 Wn. App. 494, 500, 963 P.2d 947 (1998). When we consider the timeliness of a CR 60 motion, we look for prejudice to the nonmoving party and whether the moving party had a "a good reason for failing to take action sooner." *Id.*

We review the trial court's denial of a CR 60 motion for an abuse of discretion. *In re Marriage of Bresnahan*, 21 Wn. App. 2d 385, 406, 505 P.3d 1218 (2022). The trial court abuses its discretion if it "'bases its ruling on an erroneous

view of the law.'" *Id.* (internal quotation marks omitted) (quoting *In re Marriage of Selley*, 189 Wn. App. 957, 959, 359 P.3d 891 (2015)). The trial court also abuses its discretion if the "decision is 'outside the range of acceptable choices, given the facts and the applicable legal standard.'" *Id.* (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)). Our Supreme Court has instructed that "CR 60 is a limited procedural tool that governs relief from final judgments," the "rule balances the principles of equity and finality," and courts cannot grant affirmative relief pursuant to the rule. *Fireside Bank v. Askins*, 195 Wn.2d 365, 375-76, 460 P.3d 157 (2020).

Joyce contends that she was defrauded by Joseph by the "material omission of the existence and loss of nude and pornographic photos" which she asserts damaged her reputation and that Joseph "fraudulently induced" her to mediate the dissolution. Joseph avers that Joyce's "allegations of fraud are completely unrelated to" the dissolution, "and have no relation to the procedural means by which the judgment was obtained. [Joyce] fails to show that any alleged fraud 'caused' the entry of the dissolution decree."

In order to demonstrate entitlement to vacatur under CR 60 based on an allegation of fraud, the purported "[f]raudulent conduct or misrepresentation under CR 60(b)(4) must *cause* the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense." *Gates v. Homesite Ins. Co.*, 28 Wn. App. 2d 271, 283, 537 P.3d 1081 (2023) (emphasis added). The party requesting a vacatur for fraud or other misconduct must prove it by clear and convincing evidence. *Id.*

The trial court was within its discretion to deny the 2024 motion to vacate because Joyce failed to prove the alleged fraud by clear and convincing evidence and did not adequately explain how the claimed fraud led to the entry of the order on dissolution. The September 13 denial order states that the ruling rests in part on "the same reasons stated in the [c]ourt's order denying a virtually identical motion in 2021." The 2021 order denying Joyce's motion to vacate from that same year plainly explains that "[m]uch of [Joyce's] declaration appears to be delusional in nature and, *even if believed, does not coherently articulate how the alleged fraud or misconduct relates to the divorce action*." (Emphasis added.)

Joyce's 2024 declaration asserts the terms of the 1989 dissolution were "a reasonable agreement based on the information that [she] had at the time." However, it further notes that she was unaware when the couple moved forward with their agreed dissolution that Joseph, "had acted dishonorably throughout [their] marriage and even during [their] courtship by taking and distributing nude and pornographic photos of [her], completely altering [her] public image." Joyce contends,

> [Joseph], therefore, committed fraud in the creation and execution of the [d]issolution dated July 27, 1989, as evidenced by . . . his material omissions and his positive representations, which lulled me into a false sense of security. I also declare that I suffered damage as a result of this fraud as evidenced by the lack of legal representation in the [d]issolution and because the terms of the [d]issolution failed to provide for the damages to my future opportunities.

Joyce fails to establish how these claims in her declaration satisfy her evidentiary burden as the moving party. Further, she does not identify anywhere in the record from the trial court where she demonstrated that pursuing a mediated dissolution

over litigation prevented her from fully presenting her case. Thus, the trial court did not err when it denied her motion to vacate.[4]

II.    Attorney Fees

Both parties request attorney fees on appeal. Joyce claims that we should award her attorney fees and expenses because this "appeal is part of a dissolution" and RCW 26.09.014 permits such an award based on equity. Alternatively, if we disagree that this appeal is part of a dissolution, she requests fees "as a matter of equity where a fiduciary's breach of duty is tantamount to constructive fraud." However, she fails to establish that Joseph owed her a duty as a fiduciary, much less that he breached such a duty. Joseph requests "an award of fees and costs on appeal under RAP 14.2 and 18.9" and devotes a section of his brief to his request as required by RAP 18.1(b). However, Joseph represented himself on appeal. Accordingly, we decline to award fees to either party.

Affirmed.

WE CONCUR:

---

[4] Because the portion of the trial court's ruling that addresses the evidentiary deficiency of the 2024 motion independently supports our resolution of this appeal, we need not analyze the alternate bases: timeliness, collateral estoppel (issue preclusion), and res judicata (claim preclusion).